**Opinion issued April 9, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00896-CV**

————————————

**RADIAL POWER ASSET, LLC, Appellant**

**V.**

**UNIRAC, INC, Appellee**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-64184**

**MEMORANDUM OPINION**

Appellant Radial Power Asset, LLC has filed an unopposed motion to dismiss the appeal because the parties reached an agreement resolving all issues in dispute. Because the settlement agreement has been finalized and all parties agree to dismiss the appeal, which is now moot, appellant asks that we dismiss the appeal.

We grant the motion.  Because appellant states that the appeal is moot, and appellee is unopposed, we vacate the trial court's judgment and dismiss the case.[1] *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); Tex. R. App. P. 42.1(a), 43.2(e).  Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

---

[1] The Court issued notice to the parties advising that, because the motion stated that the appeal was moot, the Court would vacate the trial court's judgment and dismiss the case. *See Alsobrook v. MTGLQ Investors, L.P.*, 656 S.W.3d 394, 395 (Tex. 2022) (if case becomes moot on appeal, "usual practice" is to vacate trial court judgment and dismiss case for want of jurisdiction).  The Court requested a response by March 16, 2026 if any party opposed this disposition and appellant responded that it did not oppose this result.